**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

TALMADGE RAMSEY,                                                                                            PLAINTIFF
ADC #148988

v.                                                  5:12-cv-00172-SWW-JJV

ROBERT JONES, Dr., Corizon, Inc.;
and CORIZON, INC.,                                                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, Talmadge Ramsey, is an inmate in the Arkansas Department of Correction (ADC) Grimes Unit. He filed a *pro se* Complaint (Doc. No. 1) pursuant to 42 U.S.C. § 1983, alleging the Defendants violated his constitutional rights.

Plaintiff is suing Dr. Robert Jones and Corizon, Inc. Corizon is the ADC medical care provider and Dr. Jones is a dentist with Corizon. (*Id.*) Plaintiff alleges that the Defendants deliberately caused him to suffer permanent physical injury and medical harm when they failed to provide adequate medical care, thereby subjecting him to deliberate indifference and cruel and unusual punishment. After careful review of the Complaint, the Court finds it should be dismissed for failure to state a claim on which relief may be granted.

### I.     SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## II.   STANDARD OF REVIEW

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49 (internal quotations omitted). For liability under § 1983 to attach, there must be "a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal citation omitted.) Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's

proscription of cruel and unusual punishment. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243-44 (1983); *see Langford v. Norris*, 614 F.3d 445, 459-60 (8th Cir. 2010); *Smith v. Jenkins*, 919 F.2d 90, 92-93 (8th Cir. 1990). Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997); *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

Establishing deliberate indifference requires more than a showing of mere negligence, more even than gross negligence, and a prisoner's mere disagreement with treatment decisions will fail to state a claim of deliberate indifference. *Langford*, 614 F.3d at 460; *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004); *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990). Furthermore, if any claim of medical indifference is to succeed, it must be brought against the individuals directly responsible for the prisoner's medical care. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997); *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992).

### III.   ANALYSIS

According to his Complaint, on May 23, 2011, Plaintiff was transferred to the ADC Diagnostic Unit. As part of his intake physical examination, he saw Dr. Jones. (Doc. No. 1). Plaintiff had what he describes as a "gold grill" cemented to his front teeth. (*Id.*) He states that he informed Dr. Jones that his gold teeth were permanent, but Dr. Jones placed a dental instrument in his mouth and caused Plaintiff to experience "severe and excruciating pain." (*Id.*) When Plaintiff began yelling for Dr. Jones to stop, the doctor called to his assistant for help. (*Id.*) Upon entering the room, the assistant somehow managed to bump into Dr. Jones, causing Dr. Jones to break Plaintiff's front teeth. (*Id.*) Plaintiff states that he lost his back teeth before this incident and now has a hard time chewing and swallowing food. (Doc. No. 1). He asserts that he has been "robbed

of the pleasure and enjoyment of eating" some of his favorite foods, including apples, pears, pork and lamb chops, fried chicken, snicker bars, fireballs, and jolly ranchers. (*Id.*)

The Court finds that these allegations do not establish a constitutional violation. First, the incident giving rise to this cause of action was clearly an accident, as Plaintiff described in his Complaint: ". . . Jones then called for his helper . . . Jones['s] assistant came in and bumped into Defendant Jones and broke my [] teeth off . . ." (Doc. No. 1 at 6.) An Eighth Amendment claim requires "deliberate" indifference, which has not been proven here. Establishing deliberate indifference requires more than a showing of mere negligence, more even than gross negligence, and a prisoner's mere disagreement with treatment decisions will fail to state a claim of deliberate indifference. *Langford*, 614 F.3d at 460.

Second, Plaintiff states he has suffered as a result of this incident, but he does not allege Defendants are intentionally denying or delaying access to medical care and, instead, states he takes "Ibuprofen every day." (*Id.* at 8.)

At best, Plaintiff may have a cause of action for negligence in state court. But a claim of negligence does not give rise to a valid medical mistreatment claim under the Eighth Amendment. *Estelle v. Gambler*, 429 U.S. 97, 106 (1976).

Furthermore, to the extent that Plaintiff seeks to hold Defendant Corizon liable under a theory of *respondeat superior*, the doctrine of *respondeat superior* is generally inapplicable to § 1983 claims. *Vaughn v. Greene County, Ark.*, 438 F.3d 845, 851 (8th Cir. 2006); *Policky v. City of Seward, Neb.*, 433 F. Supp. 2d 1013, 1025 (D. Neb. 2006). Plaintiff, therefore, fails to state a constitutional claim against the Defendants and his Complaint (Doc. No. 1) should be DISMISSED.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.	Plaintiff's Complaint (Doc. No. 1) should be DISMISSED for failure to state a claim on which relief may be granted.

2.	Dismissal of Plaintiff's Complaint should constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.	The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this recommendation and an accompanying Judgment would not be taken in good faith.

DATED this 15th day of June, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. Section 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of Section 1915(g).